SEYFARTH SHAW LLP
Michael L. Gallion (SBN 189128) mgallion@seyfarth.com
Eileen C. Zorc (SBN 233797) ezorc@seyfarth.com
2029 Century Park East, Suite 3300
Los Angeles, California 90067-3063
Telephone: (310) 277-7200
Facsimile: (310) 201-5219

Attorneys for Defendant
UNUM GROUP

E-filing

SC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CELESTE PACELLI,<br><br>Plaintiff,<br><br>v.<br><br>UNUM Group and DOES ONE through FIFTY, inclusive<br><br>Defendants. | Case No. 08 1723<br><br>**NOTICE OF REMOVAL; DECLARATION OF JILL CARIGLIA**<br><br>(Contra Costa County Superior Court Case No. C 07-02883) |

TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Defendant Unum Group ("Unum" or "Defendant") hereby files this notice of removal pursuant to 28 U.S.C. §§ 1441 and 1446, in order to effect the removal of the above-captioned action, which was commenced in the Superior Court of the State of California in and for the County of Contra Costa, and states that the removal is proper for the following reasons:

COPY
FAXED

**TIMELINESS OF REMOVAL**

1. On December 31, 2007, Plaintiff CELESTE PACELLI ("Plaintiff") filed a Complaint against Defendant UNUM GROUP in the Superior Court of the State of California, County of Contra Costa, Case No. C 07-02883 (the "Complaint").

2. On February 21, 2008, a "Notice and Acknowledgment of Receipt" of the Summons and Complaint was sent to Defendant's counsel. Defendant acknowledged receipt on February 29, 2008, rendering February 29, 2008 the effective date of service of the Summons and Complaint on Defendant, pursuant to California Code of Civil Procedure § 415.30(c). A true and correct copy of the executed Acknowledgment of Receipt on behalf of Defendant is attached hereto as Exhibit "A." A true and correct copy of the Summons and Complaint served on Defendant is attached hereto as Exhibit "B."

3. This Notice of Removal is timely as it is filed within thirty (30) days of the receipt by Defendant of a copy of the Summons and Complaint in this matter. 28 U.S.C. § 1446(b).

**DIVERSITY JURISDICTION**

4. The Court has original jurisdiction of this action under 28 U.S.C. § 1332(a)(1). As set forth below, this action is removable, pursuant to the provisions of 28 U.S.C. §§ 1441(a) and 1332(a)(1), as the amount in controversy is in excess of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs, and is between citizens of different states.

5. **Plaintiff's Citizenship.** Defendant is informed and believes, that Plaintiff is, and at all times since the commencement of this action has been, a citizen and resident of the State of California, County of Contra Costa. Declaration of Jill Cariglia ¶ 5, attached hereto. For diversity purposes, a person is a "citizen" of the state in which she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F. 2d 1088, 1090 (9th Cir. 1983). A party's residence is *prima facie* evidence of her domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).

6. **Defendant's Citizenship.** Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." Defendant is now, and was at all relevant times,

incorporated under the laws of the State of Delaware, with Defendant's principal place of business located in Chattanooga, Tennessee and Portland, Maine.

7.    **Doe Defendants' Citizenship.** Pursuant to 28 U.S.C. § 1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332. *Fristoe v. Reynolds Metals Co.*, 615 F. 2d 1209, 1213 (9th Cir. 1980) (unnamed defendants sued as "DOES" are not required to join in a removal position). Thus, the existence of Doe defendants 1 through 100, inclusive, does not deprive this Court of jurisdiction.

8.    **Amount-In-Controversy.** While Defendant denies any liability as to Plaintiff's claims, the amount in controversy requirement is satisfied because it is "more likely than not" that the amount in controversy exceeds the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.*, 95 F.3d 856, 862 (9th Cir. 1996). Here, the damages requested by Plaintiff "more likely than not" exceed $75,000, exclusive of interest and costs, as required by 28 U.S.C. § 1332(a).

A.    **Damages.** Plaintiff alleges damages arising from Defendant's alleged failure to pay vested vacation and paid time off hours owed to Plaintiff. Complaint ¶ 1. Specifically, Defendant alleges violation of California Labor Code §§ 200, 201, 202, 206, 210, 216, 221 and 227.3, breach of contract, and bad faith. Plaintiff alleges she was hired by Defendant on April 30, 1984 and that Defendant entered into an agreement to pay Plaintiff for vacation and time off. Complaint ¶¶ 7-8. Plaintiff further alleges that "on January 1, 2004, defendant changed its policy and instituted a cap on accrued paid time off and vacation. Defendant did not allow plaintiff to utilize her vested paid time off and vacation pay, causing plaintiff to lose a substantial sum." Complaint ¶ 8. Plaintiff alleges damages including "substantial losses in earnings, paid time off, vacation pay, and other employee benefits." Complaint ¶ 25. In a January 8, 2007 letter that Plaintiff wrote to Ann Houser, then Vice President of UnumProvident, Plaintiff alleged that she was owed accrued vacation pay and she included an attachment to the letter in which she detailed her claim that she was owed $117,349.15 for vacation that accrued through approximately 2004. Declaration of Jill Cariglia ¶¶ 2-4, Exhibit D, attached hereto. Plaintiff also indicated on the attachment to the letter that she

believed that she is owed additional vacation pay for 2005 and 2006. *Id.* Thus, the amount that Plaintiff alleges that she is owed in vacation pay alone exceeds $75,000.

B. **Attorneys' Fees and Penalties.** Plaintiff also claims she is entitled to attorneys' fees pursuant to California Labor Code § 218.5 and California Code of Civil Procedure § 1021.5. Complaint at page 7, lines 11-12 and 15-16. Attorneys' fees are properly considered in calculating the amount-in-controversy for purposes of removal on grounds of diversity jurisdiction. *See, e.g., Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory). Plaintiff also alleges penalties under Labor Code § 203. Complaint at page 7, lines 11-12.

9. Since diversity of citizenship exists between the Plaintiff and Defendant and the matter in controversy between them is in excess of Seventy-Five Thousand Dollars ($75,000), this Court has original jurisdiction of the action pursuant to 28 U.S.C. § 1332(a)(1). This action is therefore a proper one for removal to this Court.

**VENUE**

10. Venue lies in the Northern District of this Court pursuant to 28 U.S.C. §§ 1441, 1446(a), and 84(a). This action originally was brought in the Superior Court of the State of California, County of Contra Costa, and on information and belief the Plaintiff resides in the State of California.

**NOTICE OF REMOVAL**

11. This Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California in and for the County of Contra Costa.

12. In compliance with 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served in this action are attached hereto. They are: (1) Notice and Acknowledgment of Receipt (Exhibit A); (2) Summons and Complaint (Exhibit B); (3) Notice of Case Management Conference and other notices (included within Exhibit B); and (2) Answer to Complaint (Exhibit C).

WHEREFORE, Defendant prays that this civil action be removed from the Superior Court of the State of California, County of Contra Costa to the United States District Court for the Northern District of California.

DATED: March 31, 2008

SEYFARTH SHAW LLP

By: ______________________
Michael L. Gallion
Eileen C. Zorc

Attorneys for Defendant
UNUM GROUP

# Exhibit A

POS-015

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
THERESE M. LAWLESS - Bar # 127341
SONYA L. SMALLETS - Bar # 226190
LAWLESS & LAWLESS
180 Montgomery Street, Suite 2000, San Francisco, CA 94104
TELEPHONE NO.: (415) 391-7555 FAX NO (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): Plaintiff CELESTE PACELLI

FOR COURT USE ONLY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Contra Costa
STREET ADDRESS: 725 Court Street
MAILING ADDRESS:
CITY AND ZIP CODE: Martinez, CA 94553
BRANCH NAME:

PLAINTIFF/PETITIONER: CELESTE PACELLI

DEFENDANT/RESPONDENT: UNUM GROUP and DOES ONE through FIFTY, inclusive

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT - CIVIL**

CASE NUMBER: C 07-02883

TO (*insert name of party being served*): UNUM GROUP

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: February 21, 2008

Sonya L. Smallets ▶ Sonya Smallets
(TYPE OR PRINT NAME) (SIGNATURE OF SENDER-MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of ***(to be completed by sender before mailing)***:

1. [X] A copy of the summons and of the complaint.
2. [X] Other (*specify*):
Notice of Case Management Conference, Notice to Plaintiffs in Unlimited Jurisdiction Civil Actions, Notice to Defendants in Unlimited Jurisdiction Civil Actions, Stipulation and Order to Attend ADR and Delay First Case Management Conference 90 Days form, Case Management Statement form and Alternative Dispute Resolution (ADR) Information

***(To be completed by recipient)***:

Date this form is signed: 2/29/08

Eileen C. Zorc, Attorney for UNUM Group ▶ Eileen C. Zorc
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY, ON WHOSE BEHALF THIS FORM IS SIGNED) (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

# Exhibit B

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED
2007 DEC 31 P 2:03
TORRE, CLERK OF THE SUPERIOR COURT
COUNTY OF CONTRA COSTA, CALIF.
BY S. KRICKEN, Deputy Clerk

NOTICE TO DEFENDANT:
*(AVISO AL DEMANDADO):*
UNUM GROUP and DOES ONE through FIFTY, inclusive

YOU ARE BEING SUED BY PLAINTIFF:
*(LO ESTA DEMANDANDO EL DEMANDANTE):*
CELESTE PACELLI

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Contra Costa County Superior Court
725 Court Street
Martinez, CA 94553

CASE NUMBER: *(Número del Caso):* C 07-02883

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
THERESE M. LAWLESS/SONYA L. SMALLETS (415) 391-7555
LAWLESS & LAWLESS
180 Montgomery Street, Suite 2000, San Francisco, CA 94104

DATE: *(Fecha)* DEC 3 1 2007 Clerk, by *(Secretario)* S. KRICKEN CLERK OF THE SUPERIOR COURT, Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

NOTICE TO THE PERSON SERVED: You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☐ on behalf of *(specify)*:
   under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]
*Martin Dean's Essential Forms* TM

SUMMONS

Page 1 of 1
Code of Civil Procedure §§ 412.20, 465

Pacelli v. Unum

THERESE M. LAWLESS - Bar # 127341
SONYA L. SMALLETS - Bar # 226190
LAWLESS & LAWLESS
180 Montgomery Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 391-7555

Attorneys for Plaintiff
CELESTE PACELLI

FILED
2007 DEC 31 P 2:03
K. TORRE, CLERK OF THE SUPERIOR COURT COUNTY OF CONTRA COSTA, CALIF.
BY S. KRICKEN, Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF CONTRA COSTA

(Unlimited Jurisdiction)

| | |
|---|---|
| CELESTE PACELLI, Plaintiff, vs. UNUM GROUP and DOES ONE through FIFTY, inclusive, Defendants. | No. C 07-02883<br>COMPLAINT FOR DAMAGES ARISING FROM VIOLATION OF CALIFORNIA LABOR CODE SECTIONS 200, ET SEQ., BREACH OF CONTRACT, BAD FAITH, AND FOR ATTORNEYS' FEES AND COSTS<br>JURY TRIAL DEMANDED<br>*Amount Demanded Exceeds $25,000 (Gov't. Code § 72055)* |

BY FAX

Plaintiff CELESTE PACELLI complains against defendants, and each of them, demands a trial by jury of all issues and for causes of action alleges:

PER LOCAL RULE 5 THIS CASE IS ASSIGNED TO DEPT 07

**INTRODUCTORY STATEMENT**

1. This is a lawsuit charging defendant UNUM GROUP (hereinafter "UNUM") with failure to pay vested vacation and paid time off hours owed to its employee, CELESTE PACELLI,

LAW OFFICES
LAWLESS & LAWLESS
SUITE 2000
180 MONTGOMERY STREET
SAN FRANCISCO, CA 94104
(415) 391-7555
FAX (415) 391-4228

and for illegally, unconscionably and unilaterally changing, as of January 1, 2004, its vacation and paid time off policy in order to eliminate vested vacation and paid time off already earned by CELESTE PACELLI, thereby depriving Celeste Pacelli of her vested vacation and paid time off hours and causing the forfeiture of said pay to UNUM. Vested vacation and paid time off constitutes wages under the California Labor Law Code and must be paid to CELESTE PACELLI. The change in UNUM's policy, effective January 1, 2004, has resulted in immediate harm to CELESTE PACELLI, and has caused her damages.

## JURISDICTION AND VENUE

2. The monetary damages sought by plaintiff exceed the minimal jurisdictional limits of the Superior Court and will be established according to proof at trial. Further, there is no federal question at issue, as the subject claims and remedies relating thereto are bound solely on the California Labor Code and California State common law.

3. UNUM has not designated a principal business office in California and may be sued in any county in California. Further, venue is proper in Contra Costa County because plaintiff was employed in Contra Costa County, and the failure to pay vested vacation pay and paid time off occurred in Contra Costa County. UNUM operates a business office in Contra Costa County.

## FACTS COMMON TO MORE THAN ONE CAUSE OF ACTION

4. Plaintiff is ignorant of the true names or capacities of the defendants sued here under the fictitious names DOE ONE through DOE FIFTY, inclusive. Plaintiff is informed and believes that each of DOE defendants was responsible in some manner for the occurrences and injuries alleged in this complaint.

5. At all times mentioned in the causes of action into which this paragraph is incorporated by reference, each and every defendant was the agent or employee of each and every

LAW OFFICES
LAWLESS & LAWLESS
SUITE 2000
180 MONTGOMERY STREET
SAN FRANCISCO, CA 94104
(415) 391-7555
FAX (415) 391-4228

other defendant. In doing the things alleged in the causes of action into which this paragraph is incorporated by reference, each and every defendant was acting within the course and scope of this agency or employment and was acting with the consent, permission, and authorization of each of the remaining defendants. All actions of each defendant alleged in the causes of action into which this paragraph is incorporated by reference were ratified and approved by the officers or managing agents of every other defendant.

6. At the pertinent times mentioned in this complaint, defendant UNUM GROUP was a corporation doing business in the State of California. Defendant UNUM GROUP will be referred to as defendant "UNUM."

7. On or about April 30, 1984, defendant UNUM hired plaintiff. Plaintiff is currently employed by UNUM as a Market Manager in Contra Costa County.

8. On or about April 30, 1984, and during the term of plaintiff's employment, plaintiff and defendant UNUM entered into an agreement which required that defendants pay plaintiff for vacation and time off. The basic terms of the agreement provided that defendant would pay plaintiff her vacation and time off as accrued. However, on January 1, 2004, defendant changed its policy and instituted a cap on accrued paid time off and vacation. Defendant did not allow plaintiff to utilize her vested paid time off and vacation pay, causing plaintiff to lose a substantial sum. Defendant also did not give plaintiff a reasonable period in which to use her accrued vacation and paid time off after she had earned the vacation and paid time off which, pursuant to defendants' change in policy, prohibited her from accruing additional vacation and paid time off.

**FIRST CAUSE OF ACTION**
**Recovery of Wages - Violation of Labor Code Sections 200, et seq.**

As a first, separate and distinct cause of action, plaintiff complains against defendants UNUM and DOES ONE through TWENTY, and each of them, and for a cause of action alleges:

9. Plaintiff incorporates by reference Paragraphs 1 through 8, inclusive as though set forth in full.

LAW OFFICES
LAWLESS & LAWLESS
SUITE 2000
180 MONTGOMERY STREET
SAN FRANCISCO, CA 94104
(415) 391-7555
FAX (415) 391-4228

10. At the time of the commencement of plaintiff's employment with defendant UNUM, plaintiff began to earn and accrue vested vacation pay and paid time off hours.

11. On or about January 1, 2004, defendant UNUM changed its policy relating to vacation and paid time off. This change in policy resulted in a situation whereby plaintiff has been unable to use her accrued and vested vacation and paid time off hours, and defendant has been unwilling to pay plaintiff for said accrued and vested vacation time and paid time off hours. The change in policy also did not provide plaintiff with a reasonable period in which to use her accrued vacation and paid time off.

12. Defendants failure to allow plaintiff to utilize her vested paid time off and vacation hours resulted in plaintiff being unable to accumulate or acquire additional paid time off and vacation hours.

13. Defendant UNUM's failure to pay plaintiff the full amount of her vested paid time off and vacation hours and refusal to allow her to utilize said vested hours constitutes a violation of California Labor Code Sections 200, 201, 202, 206, 210, 216, 221, and 227.3, among others. Further, defendant forfeited plaintiff's vested paid time off and vacation pay on January 1, 2004, when defendant implemented a new policy in the State of California. The amount of forfeited vested vacation and paid time off pay is an amount to be ascertained at trial. Defendant's forfeiture violates the provisions of California Labor Code Sections 200, 201, 202, 206, 210, 216, 221, and 227.3.

14. Defendant's failure to pay wages and forfeiture of vested vacation and paid time off pay was willful, entitling plaintiff to interest and attorneys' fees and costs under California Labor Code Sections 218.5 and 218.6.

15. Plaintiff suffered damages legally caused by defendant's violation of the California Labor Code as stated above, and in the section below entitled, "DAMAGES," which is incorporated here to the extent pertinent as if set forth her in full.

///

///

LAW OFFICES
LAWLESS & LAWLESS

**SECOND CAUSE OF ACTION**
**Breach of Contract**

As a second, separate and distinct cause of action, plaintiff complains against defendants UNUM and DOES ONE through TWENTY, and each of them, and for a cause of action alleges:

16. Plaintiff incorporates by reference Paragraphs 1 through 8, inclusive, as though set forth here in full.

17. On or about April 30, 1984, and during the term of plaintiff's employment, plaintiff and defendant UNUM entered into an agreement which required that defendants pay plaintiff for vacation and time off. The basic terms of the agreement provided that defendant would pay plaintiff her vacation and time off as accrued. However, on January 1, 2004, defendant changed its policy and instituted a cap on accrued paid time off and vacation. Defendant did not allow plaintiff to utilize her vested paid time off and vacation pay, causing plaintiff to lose a substantial sum. Defendant also did not give plaintiff a reasonable period in which to use her accrued vacation and paid time off after she had earned the vacation and paid time off which, pursuant to defendants' change in policy, prohibited her from accruing additional vacation and paid time off.

18. Plaintiff undertook and continued employment and duly performed all of the conditions of the agreement to be performed by her. Plaintiff had, at all times, been ready, willing and able to perform all of the conditions of the agreement to be performed by her.

19. On or about January 1, 2004 and continuing to date, defendants UNUM and DOES ONE through TWENTY breached the agreement by refusing to allow plaintiff to utilize her vested paid time off or vacation time and by refusing to pay plaintiff for such.

20. Plaintiff suffered damages legally caused by the breach of contract as stated in the section below entitled "DAMAGES," which is incorporated here to the extent pertinent as if set forth here in full.

///

LAW OFFICES
LAWLESS & LAWLESS
SUITE 2000
180 MONTGOMERY STREET
SAN FRANCISCO, CA 94104
(415) 391-7555
FAX (415) 391-4228

**THIRD CAUSE OF ACTION**
**Bad Faith**

As a third, separate and distinct cause of action, plaintiff complains against defendants UNUM and DOES ONE through TWENTY, and each of them, and for a cause of action alleges:

21. Plaintiff hereby incorporates by reference Paragraphs 1 through 8 inclusive, as though set forth here in full.

22. The law imposed duties on defendants UNUM and DOES ONE through TWENTY in connection with the agreement to pay vested paid time off and vacation pay, and to act fairly and in good faith towards plaintiff. Defendants covenanted to give full cooperation to plaintiff in her performance under the agreement and to refrain from any act which would prevent or impede any of the conditions of the agreement from being performed, which would deny the agreement, or which would prevent plaintiff from receiving the benefits of the agreement.

23. On or about January 1, 2004 and continuing to date, defendants UNUM and DOES ONE through TWENTY breached these duties imposed by law in connection with the agreement by refusing to allow plaintiff to utilize her vested paid time off or vacation time and by refusing to pay plaintiff for such.

24. Plaintiff suffered damages legally caused by the bad faith as stated in the section below entitled "DAMAGES," which is incorporated here to the extent pertinent as if set forth here in full.

**DAMAGES**

25. As a legal result of the conduct by defendants of which plaintiff complains, plaintiff suffered and continues to suffer substantial losses in earnings, paid time off, vacation pay, and other employee benefits. Plaintiff will seek leave to amend this complaint to state the amount or will proceed according to proof at trial.

LAW OFFICES
LAWLESS & LAWLESS
SUITE 2000
180 MONTGOMERY STREET
SAN FRANCISCO, CA 94104
(415) 391-7555
FAX (415) 391-4228

26. Plaintiff is entitled to attorneys' fees and costs pursuant to California Labor Code §218.5.

## PRAYER

Wherefore plaintiff prays for judgment against defendants, and each of them, as follows:

1. For a money judgment representing compensatory damages including lost wages, earnings, paid time off, vacation pay, and all other sums of money, together with interest on these amounts, according to proof;

2. For costs of suit and attorney fees and penalties pursuant to Labor Code Sections 203, 218, 218.5, and 218.6;

3. For prejudgment and postjudgment interest;

4. For any other relief, including injunctive or declaratory relief, that is just and proper.

5. For attorney fees pursuant to C.C.P. § 1021.5.

Dated: December 31, 2007

LAWLESS & LAWLESS

Therese M. Lawless
Sonya Smallets
Attorneys for Plaintiff

LAW OFFICES
LAWLESS & LAWLESS
SUITE 2000
180 MONTGOMERY STREET
SAN FRANCISCO, CA 94104
(415) 391-7555
FAX (415) 391-4228

**JURY TRIAL DEMANDED**

Plaintiff demands trial of all issues by jury.

Dated: December 31, 2007

LAWLESS & LAWLESS

Therese M. Lawless
Sonya Smallets
Attorneys for Plaintiff

LAW OFFICES
LAWLESS & LAWLESS
SUITE 2000
180 MONTGOMERY STREET
SAN FRANCISCO, CA 94104
(415) 391-7555
FAX (415) 391-4228

SUPERIOR COURT - MARTINEZ
COUNTY OF CONTRA COSTA
MARTINEZ, CA, 94553

PACELLI VS> UNUM GROUP

NOTICE OF CASE MANAGEMENT CONFERENCE CIVMSC07-02883

1. NOTICE: THE CASE MANAGEMENT CONFERENCE HAS BEEN SCHEDULED FOR:

DATE: 05/19/08 DEPT: 09 TIME: 8:30

THIS FORM, A COPY OF THE NOTICE TO PLAINTIFFS, THE ADR INFORMATION SHEET, A BLANK CASE MANAGEMENT CONFERENCE QUESTIONNAIRE, AND A BLANK STIPULATION FORM ARE TO BE SERVED ON OPPOSING PARTIES. ALL PARTIES SERVED WITH SUMMONS AND COMPLAINT/CROSS-COMPLAINT OR THEIR ATTORNEY OF RECORD MUST APPEAR.

2. You may stipulate to an earlier Case Management Conference. If all parties agree to an early Case Management Conference, please contact the Court Clerk's Office at (925)957-5794 for Unlimited Civil cases and (925)957-5791 for Limited Civil cases for assignment of an earlier date.

3. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference and to discuss the suitability of this case for the EASE Program, private mediation, binding or non-binding arbitration, and/or use of a Special Master.

4. At any Case Management Conference the court may make pretrial orders including the following:

a. an order establishing a discovery schedule
b. an order referring the case to arbitration
c. an order transferring the case to limited jurisdiction
d. an order dismissing fictitious defendants
e. an order scheduling exchange of expert witness information
f. an order setting subsequent conference and the trial date
g. an order consolidating cases
h. an order severing trial of cross-complaints or bifurcating issues
i. an order determining when demurrers and motions will be filed

SANCTIONS

If you do not file the Case Management Conference Questionnaire or attend the Case Management Conference or participate effectively in the Conference, the court may impose sanctions (including dismissal of the case and payment of money).

Clerk of the Superior Court of Contra Costa County

I declare under penalty of perjury that I am not a party to this action, and that I delivered or mailed a copy of this notice to the person representing the plaintiff/cross-complainant.

Dated: 12/31/07

S. KRICKEN, Deputy Clerk

Superior Court of California, County of Contra Costa

# NOTICE TO PLAINTIFFS

In Unlimited Jurisdiction Civil Actions

## AFTER YOU FILE YOUR COURT CASE:

1. **Have the forms the clerk gives you served on all defendants in this case:**
   a. The Complaint
   b. The Summons
   c. The Notice of Case Management Conference (shows hearing date and time)
   d. The Notice to Defendants (Local Court Form CV-655d)
   e. Blank: Case Management Statement (Judicial Council Form CM-110)
   f. Blank: Stipulation and Order to Attend ADR and Delay First Case Management Conference 90 Days (Local Court Form CV-655b)
   g. Alternative Dispute Resolution (ADR) Information (Local Court Form CV-655c).

2. Within 60 days of the date you filed the complaint **you must prove that the forms have been served on (delivered to) the defendants correctly** by filing the *Proof of Service* form (POS-010) (completed by the person who did the service) with the court.

3. **Go to the case management conference on the date indicated on** The Notice of Case Management Conference.

4. **Consider using mediation, arbitration, or neutral case evaluation (ADR) to resolve the dispute.** All parties must answer questions about ADR on the *Case Management Statement* form. For more information, see the enclosed ADR information, visit www.cc-courts.org/adr, or call (925) 957-5787.

5. **You may delay the first case management conference while you try to resolve the dispute in ADR.** If all parties agree to use ADR, complete and file the Stipulation and Order to Attend ADR and Continue First Case Management Conference 90 Days form to tell the court you want to use this option.

All civil actions *(except juvenile, probate, family, unlawful detainer, extraordinary writ, and asset forfeiture*[1]*)* and personal injury cases where a party is claiming damages[2] must meet the Civil Trial Delay Reduction time limits for filing documents and moving their cases forward. These time limits are listed in California Rule of Court 3.110 and Local Court Rule 5. If parties miss these deadlines, a judge might issue an order (*Order to Show Cause*) for them to explain in court why they should not have to pay a fine or have their case dismissed.

VIEW LOCAL COURT RULES AT: (WWW.CC-COURTS.ORG/RULES)

[1] *Health and Safety Code §11470 et seq.*

[2] *Including claims for emotional distress and/or wrongful death.*

Superior Court of California, County of Contra Costa

# NOTICE TO DEFENDANTS

In Unlimited Jurisdiction Civil Actions

YOU ARE BEING SUED. The packet you have been served should contain:

a. The Summons
b. The Complaint
c. The Notice of Case Management (shows hearing date and time)
d. Blank: Case Management Statement (Judicial Council Form CM-110)
e. Blank: Stipulation and Order to Attend ADR and Delay First Case Management Conference 90 Days (Local Court Form CV-655b)
f. Alternative Dispute Resolution (ADR) Information (Local Court Form CV-655c)

 WHAT DO I DO NOW? 

You must:

1. **Prepare your response** YOU COULD LOSE YOUR CASE—even before it is heard by a judge or before you can defend yourself, if you do not prepare and file a response on time. See the other side of this page for types of responses you can prepare.
2. **Complete the *Case Management Statement* (*CM-110*)**
3. **File and serve your court papers on time** Once your court forms are complete, you must file 1 original and 2 copies of the forms at court. An adult who is NOT involved in your case must serve one set of forms on the Plaintiff. If you were served in person you must file your response in 30 days. If the server left a copy of the papers with an adult living at your home or an adult in charge at your work or you received a copy by mail you must file your response in 40 days.
4. **Prove you served your court papers on time** by having your server complete a *Proof of Service, (Judicial Council form POS-040)*, that must be filed at the court within 60 days.
5. **Go to court** on the date and time given in the *Notice of Case Management Conference*.
6. **Consider trying to settle your case before trial** If you and the other party to the case can agree to use mediation, arbitration or neutral case evaluation, the *Stipulation and Order to Attend ADR and Delay First Case Management Conference 90 Days* can be filed with your other papers. For more information read the enclosed ADR information, visit www.cc-courts.org/adr, or call (925) 957-5787.

**IMPORTANT! The court recommends consulting an attorney for all or part of your case. While you may represent yourself, lawsuits can be complicated, and the court cannot give you legal advice.**

COURT FEES: You must pay court fees the first time you file your papers. If you also file a motion, you must pay another fee. If you cannot afford the fees, you may ask the court to waive (allow you not to pay) fees. Use Judicial Council forms FW-001-INFO [information sheet]; FW-001 [application]; and FW-003 [order].

COURT FORMS: Buy forms at the Forms Window in the Family Law Building or download them for free at: www.courtinfo.ca.gov/forms/

## WHAT KIND OF RESPONSES CAN I FILE?

1. If you disagree with some or all of what the plaintiff says in the complaint because you believe, or know it is not true, you can file an ANSWER.
2. If you have a claim in the same case against the plaintiff, you may file a CROSS-COMPLAINT.
3. If you want to ask the court to do something on your behalf, you may file a MOTION *(See TYPES OF MOTIONS below)*

## HOW DO I PREPARE AN ANSWER?

There are two kinds of Answers you can use, depending on whether the Complaint was verified. You can tell if a Complaint is verified because it says "Verified Complaint" and/or has a signed oath on the last page.

**For complaints that are NOT verified:**

Use Judicial Council form PLD-050 – General Denial

**For complaints that ARE verified:**

a. For personal injury, property damage, and wrongful death claims, use Judicial Council PLD-PI-003 (do not check number 2).
b. For contract claims, use Judicial Council PLD-C-010 (do not check number 3a).
c. Be sure to deny every claim with which you disagree. For example, you might write: *"I believe, or know, that the information in paragraph #__ is untrue/incorrect."* Continue your list until you have addressed each paragraph in the Complaint.

**NOTE:** The Judicial Council Answer forms have spaces for your affirmative defenses. Be sure to include them or you may not be able to use them later. To find out what your affirmative defenses might be, go to the law library and ask the librarian to help you find the information you need.

**If you want to file a Cross-Complaint, you must do so at the same time you file the Answer.**

a. For a personal injury, property damage, and/or wrongful death Cross-Complaint, use Judicial Council form PLD-PI-002.
b. For a contract Cross-Complaint, use Judicial Council PLD-C-001.

## TYPES OF MOTIONS

Written motions are documents that ask the court to do something. You may have to file an *Answer* at the same time. At this point in the case, you can only make Motions from the following list:

1. Demurrer *(the facts stated in the complaint are wrong, or the deadline to file the lawsuit has passed);*
2. Motion to Strike *(the complaint is unclear; does not follow the law, "doesn't matter", etc.);*
3. Motion to Transfer *(the complaint is in the wrong court or there's a more appropriate court);*
4. Motion to Quash Service of Summons *(you were not legally served);*
5. Motion to Stay *(put the case on hold);* or
6. Motion to Dismiss *(stops the case).*

**NOTE: Motions are very complicated and you may want to hire a lawyer to help you.**

## WHERE CAN I GET MORE HELP?

- **Lawyer Referral Service:** (925) 825-5700
- **Bay Area Legal Aid:** (800) 551-5554
- **Contra Costa County Law Library** Martinez: (925) 646- 2783 Richmond: (510) 374-3019
- **Ask the Law Librarian:** www.247ref.org/portal/access_law3.cfm

SUPERI... COURT OF THE STATE OF CAL... ORNIA
IN AND FOR THE COUNTY OF CONTRA COSTA

______________________________

______________________________ Plaintiff(s)

vs.

______________________________

______________________________ Defendant(s)

***Stipulation and Order** to Attend ADR and Delay First Case Management Conference 90 Days*

Case No.:__________ Date complaint filed: __________ First case management conference set for: __________

- ALL PARTIES MUST SIGN THIS FORM AND FILE THIS STIPULATION, WITH CASE MANAGEMENT STATEMENTS, AT LEAST 15 DAYS BEFORE THE FIRST CASE MANAGEMENT CONFERENCE
- PARTIES MUST ALSO SEND A COPY OF THE FORM WITH THE JUDGE'S SIGNATURE TO THE ADR OFFICE: FAX: (925) 957-5689 or MAIL: P.O. BOX 911, MARTINEZ, CA 94553
- THIS STIPULATION MAY NOT BE USED IN COMPLEX LITIGATION CASES

**Counsel and all parties certify they have met and conferred on the subjects set forth in Rule of Court 212(b), and have selected the following alternative dispute resolution (ADR) process:** [check ☒one]:

☐ Judicial mediation ☐ Judicial arbitration ☐ Neutral case evaluation
☐ Private mediation ☐ Private arbitration

COUNSEL AND ALL PARTIES AGREE TO COMPLETE ADR WITHIN 90 DAYS, AND CERTIFY:

1. This is not a complex civil case (as described in California Rules of Court, Rule 3.400);
2. All parties have been served and intend to submit to the jurisdiction of the court;
3. All parties have agreed to a specific plan for sufficient discovery to make the ADR process meaningful;
4. Defendant(s)' first appearance fee has been paid or will be submitted with this Stipulation;
5. Copies of this Stipulation and self-addressed stamped envelopes are provided for returning file-stamped copies to counsel and the parties;
6. Case Management Conference Statements are submitted with this Stipulation;
7. All parties will attend ADR conferences as required by local court rule (Appendix C); and,
8. All parties know the court will not allow more than 90 days to complete ADR.

Counsel for Plaintiff *(print)* | Fax

Signature

Counsel for Plaintiff *(print)* | Fax

Signature

Counsel for Defendant *(print)* | Fax

Signature

Counsel for Defendant *(print)* | Fax

Signature

Pursuant to the Stipulation of the parties, and subject to the *Case Management Order* to be filed, IT IS SO ORDERED that the Case Management Conference set for __________ is vacated and rescheduled for __________ at (8:30 a.m. / __________) Plaintiff's counsel must notify all parties of the case management conference.

**Dated:** __________

***Judge of the Superior Court***

CV-655b/Rev. 05/2007

Local Court Rules, Rule ...

CM-110

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:

TELEPHONE NO.: FAX NO. *(Optional)*:
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*:

FOR COURT USE ONLY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITIONER:
DEFENDANT/RESPONDENT:

# CASE MANAGEMENT STATEMENT

(Check one): ☐ UNLIMITED CASE (Amount demanded exceeds $25,000) ☐ LIMITED CASE (Amount demanded is $25,000 or less)

CASE NUMBER:

A CASE MANAGEMENT CONFERENCE is scheduled as follows:
Date: Time: Dept.: Div.: Room:
Address of court *(if different from the address above)*:

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one)*:
   a. ☐ This statement is submitted by party *(name)*:
   b. ☐ This statement is submitted jointly by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*:
   b. ☐ The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not)*:
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names)*:
      (3) ☐ have had a default entered against them *(specify names)*:
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served)*:

4. **Description of case**
   a. Type of case in ☐ complaint ☐ cross-complaint *(describe, including causes of action)*:

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2007]

CASE MANAGEMENT STATEMENT

Page 1 of 4
Cal. Rules of Court, rules 3.720–3.730
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

| PLAINTIFF/PETITIONER: | CM-110 |
|---|---|
| DEFENDANT/RESPONDENT: | CASE NUMBER: |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
The party or parties request ☐ a jury trial ☐ a nonjury trial *(if more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
   a. ☐ The trial has been set for *(date):*
   b. ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*
   c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
   a. ☐ days *(specify number):*
   b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
   a. Attorney:
   b. Firm:
   c. Address:
   d. Telephone number:
   e. Fax number:
   f. E-mail address:
   g. Party represented:

☐ Additional representation is described in Attachment 8.

9. **Preference**
☐ This case is entitled to preference *(specify code section):*

10. **Alternative Dispute Resolution (ADR)**
   a. Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
   b. ☐ All parties have agreed to a form of ADR. ADR will be completed by *(date):*
   c. ☐ The case has gone to an ADR process *(indicate status):*

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
| --- | --- |
| DEFENDANT/RESPONDENT: | |

CM-110

10. d. The party or parties are willing to participate in *(check all that apply)*:
   (1) ☐ Mediation
   (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)
   (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)
   (4) ☐ Binding judicial arbitration
   (5) ☐ Binding private arbitration
   (6) ☐ Neutral case evaluation
   (7) ☐ Other *(specify)*:

e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

g. ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption)*:

**11. Settlement conference**

☐ The party or parties are willing to participate in an early settlement conference *(specify when)*:

**12. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name)*:

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain)*:

**13. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.

☐ Bankruptcy ☐ Other *(specify)*:

Status:

**14. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.
   (1) Name of case:
   (2) Name of court:
   (3) Case number:
   (4) Status:

☐ Additional cases are described in Attachment 14a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party)*:

**15. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons)*:

**16. Other motions**

☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues)*:

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|

c. ☐ The following discovery issues are anticipated *(specify)*:

**18. Economic Litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

**19. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

**20. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain)*:

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify)*:

**21. Case management orders**

Previous case management orders in this case are *(check one)*: ☐ none ☐ attached as Attachment 21.

22. Total number of pages attached *(if any)*: ________

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_______________________________ ▶ _______________________________
(TYPE OR PRINT NAME) (SIGNATURE OF PARTY OR ATTORNEY)

_______________________________ ▶ _______________________________
(TYPE OR PRINT NAME) (SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached



# CONTRA COSTA COUNTY SUPERIOR COURT
# ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

All judges in the Civil Trial Delay Reduction Program agree that parties should consider using Alternative Dispute Resolution (ADR) to settle their cases. To tell the court you will use ADR:

- Choose ADR on the *Case Management Form* (CM-110);
- File a *Stipulation and Order to Attend ADR and Continue First Case Management Conference 90-Days* (local court form); or
- Agree to ADR at your first court appearance.

*Questions? Call (925) 957-5787, or go to www.cc-courts.org/adr*

## MEDIATION

Mediation is often faster and less expensive than going to trial. Mediators help people who have a dispute talk about ways they can settle their case. Parties call or visit the ADR Programs office to get a list of mediators. After parties have agreed on a mediator, they must write a summary (5 pages or less) explaining the facts, legal arguments, and legal authority for their position. They must send this summary to the other parties and the mediator at least 5 court days before mediation starts.

ALL parties and attorneys must go to mediation. Mediation can be held whenever and wherever the parties and the mediator want, as long as they finish before the court deadline. In some kinds of court cases, parties have the chance to mediate in the courthouse on their trial day.

Most mediators begin by talking with the parties together, helping them focus on the important issues. The mediator may also meet with each party alone. Mediators often ask parties for their ideas about how to settle the case. Some mediators tell the parties how much money they think a case is worth, or tell them what they think might happen if the case went to trial. Other mediators help the parties decide these things for themselves. No matter what approach a mediator takes, decisions about settling a case can only be made when all the parties agree.

If the parties go through the court ADR program, mediators do not charge fees for the first half hour spent scheduling or preparing for mediation. They also do not charge fees for the first two hours of mediation. If parties need more time, they must pay that person's regular fees. Some mediators ask for a deposit before mediation starts. Mediators who do this must give back whatever is left after counting the time he or she spent preparing for or doing the mediation. A party whose court fees have been waived (cancelled) may ask if their mediation fees or deposit can be waived.

If parties agree about how they will settle their case, they can choose to keep it private, write it up as a contract, or ask the judge to make it a court order. What parties say and agree to in mediation is confidential (private).

## PRIVATE MEDIATION

Private mediation works in the same way as judicial mediation, but the parties do not go through the ADR Programs office. Parties choose a mediator on their own, and pay the mediator's normal fees.

**JUDICIAL ARBITRATION (non-binding)**
In judicial arbitration, an independent attorney (arbitrator) looks at the evidence, listens to the parties and their witnesses, and decides how the case will be settled. Judicial arbitration is less formal than court. Parties call or visit the ADR Programs office to get a list of arbitrators. If they cannot agree on an arbitrator, the court will assign one. The judge can send cases to arbitration if there is less than $50,000 in dispute. The person who started the court case can make sure the case goes to arbitration if they agree to limit the amount they are asking for to $50,000. Parties can also agree they want to use judicial arbitration. The arbitrator must send their decision (award) to the court within 10 days of the last hearing. The award becomes a court judgment unless a party asks the court to review the case within 30 days. Parties must use the ADR 102 form to ask for a new court hearing (called a trial de novo.) Judicial arbitrators charge $150 per case or per day.

**PRIVATE ARBITRATION (non-binding and binding)**
Private, non-binding arbitration is the same as judicial arbitration, except that the parties do not go through the ADR Programs office to choose an arbitrator, and the arbitrator's award will not become a judgment of the court unless all parties agree. Parties must pay the arbitrator's normal fees.

Binding arbitration is different from judicial or private non-binding arbitration because the arbitrator's decision is final. Parties give up their right to have a judge review their case later (except for reasons listed in California Code of Civil Procedure, Section 1286.2.) Binding arbitration rules are listed in California Code of Civil Procedure, Sections 1280-1288.8. Parties may also agree any time before the judge has made a decision that ends the case to switch to binding arbitration. Parties choose the arbitrator on their own, and must pay the arbitrator's normal (not $150) fees.

**SETTLEMENT MENTOR CONFERENCE**
Settlement mentors are independent, experienced trial attorneys that a judge has assigned to help parties look for ways to settle their case. The conference is free and is held in the courthouse. It is often held on the morning of trial, but it can be scheduled anytime. These conferences usually last two or three hours. Parties do not present evidence and do not call witnesses. Parties can ask the settlement mentor to keep some information confidential (private) from the other party, but not from the judge. The settlement mentor can share any information with the judge, or involve the judge in settlement discussions. All principals, clients, and claims representatives must attend the settlement mentor conference.

**NEUTRAL CASE EVALUATION**
In neutral case evaluation, an independent attorney (evaluator) reviews documents and listens to each party's side of the case. The evaluator then tells the parties what they think could happen if the case went to trial. Many people use the evaluator's opinion to reach an agreement on their own, or use this information later in mediation or arbitration to settle their case.

Parties call or visit the ADR Programs office to get a list of evaluators. After parties have agreed on an evaluator, they must write a summary (5 pages or less) explaining the facts, legal arguments, and legal authority for their position. They must send this summary to the other parties and the evaluator at least 5 court days before evaluation starts. ALL parties and their attorneys must go to neutral case evaluation. The evaluation can be held whenever and wherever the parties and the evaluator want, as long as they finish before the court deadline. If the parties go through the court's ADR program, evaluators do not charge any fees for the first half hour spent scheduling or preparing for the evaluation conference. They also do not charge fees for the first two hours of the evaluation. If parties need more time, they must pay that person's regular fees. Some evaluators ask for a deposit before evaluation starts. Evaluators who do this must give back whatever is left after counting the time he or she spent preparing for or doing the evaluation. A party whose court fees have been waived (cancelled) may ask if their evaluation fees or deposit can be waived.

**TEMPORARY JUDGE**

Some parties want a trial, but want to choose who will decide the case and when the trial will take place. Parties can agree on an attorney that they want the court to appoint as a temporary judge for their case. (See Article 6, Section 21 of the State Constitution and Rule 2.830 of the California Rules of Court.) Temporary judges have nearly the same authority as a superior court judge to conduct a trial and make decisions. As long as the parties meet the court deadline, they can schedule the trial at their own and the temporary judge's convenience.

Each of the temporary judges on the court's panel has agreed to serve at no charge for up to 5 court days. If the parties need more time, they must pay that person's regular fees. All parties and their lawyers must attend the trial, and provide a copy of all briefs or other court documents to the temporary judge at least two weeks before the trial. These trials are similar to other civil trials, but are usually held outside the court. The temporary judge's decision can be appealed to the superior court. There is no option for a jury trial. The parties must provide their own court reporter.

**SPECIAL MASTER**

A special master is a private lawyer, retired judge, or other expert appointed by the court to help make day-to-day decisions in a court case. The special master's role can vary, but often includes making decisions that help the discovery (information exchange) process go more smoothly. He or she can make decisions about the facts in the case. Special masters can be especially helpful in complex cases. The trial judge defines what the special master can and cannot do in a court order.

Special masters often issue both interim recommendations and a final report to the parties and the court. If a party objects to what the special master decides or reports to the court, that party can ask the judge to review the matter. In general, the parties choose (by stipulation) whom they want the court to appoint as the special master, but there are times (see California Code of Civil Procedure Section 639), when the court may appoint a special master or referee without the parties' agreement. The parties are responsible to pay the special master's regular fees.

**COMMUNITY MEDIATION SERVICES**

Mediation Services are available through non-profit community organizations. These low-cost services are provided by trained volunteer mediators. For more information about these programs contact the ADR Program at (925) 957-5787

# Exhibit C

03/27/2008 08:52 FAX 14153511388 001/001

SEYFARTH SHAW LLP
Michael L. Gallion (SBN 189128) mgallion@seyfarth.com
Eileen C. Zorc (SBN 233797) ezorc@seyfarth.com
2029 Century Park East, Suite 3300
Los Angeles, California 90067-3063
Telephone: (310) 277-7200
Facsimile: (310) 201-5219

Attorneys for Defendant
Unum Group

FILED
MAR 27 2008
K. TORRE CLERK OF THE COURT SUPERIOR COURT OF THE STATE OF CALIFORNIA COUNTY OF CONTRA COSTA
By J. HUNTER

COPY

FAXED

SUPERIOR COURT OF CALIFORNIA

COUNTY OF CONTRA COSTA - CENTRAL

| | |
|---|---|
| CELESTE PACELLI, Plaintiff, v. UNUM GROUP and DOES ONE through FIFTY, inclusive, Defendant. | Case No. C 07-02883<br>**DEFENDANT UNUM GROUP'S ANSWER TO PLAINTIFF'S COMPLAINT**<br>Complaint Filed: December 31, 2007<br>Judge: Honorable Judy S. Craddick<br>Dept./Place: 9 |

Defendant Unum Group ("Defendant") hereby answers plaintiff Celeste Pacelli's ("Plaintiff") unverified complaint (the "Complaint") as follows:

**GENERAL DENIAL**

Pursuant to the provisions of California Code of Civil Procedure Section 431.30, Defendant denies, generally and specifically, each and every allegation, statement, matter and each purported cause of action contained in Plaintiff's Complaint, and without limiting the generality of the foregoing, denies that Plaintiff has been damaged in the manner or sums alleged, or in any way at all, by reason of any acts or omissions of Defendant.

**SEPARATE DEFENSES**

In further answer to Plaintiff's Complaint, Defendant alleges the following additional defenses. In asserting these defenses, Defendant does not assume the burden of proof as to

matters that, pursuant to law, are Plaintiff's burden to prove.

**FIRST DEFENSE**

(Statute of Limitations)

1. Plaintiff's claims are barred by the applicable statute of limitations, including, but not limited to, California Code of Civil Procedure §§ 337, 338, 339 and 340.

**SECOND DEFENSE**

(No Penalties)

2. Plaintiff is not entitled to any penalties under any section of the California Labor Code because Defendant did not willfully fail to comply with the compensation provisions of the California Labor Code §§ 200, 201, 203, *et seq.*, but rather acted in good faith and had reasonable grounds for believing that it did not violate such provisions.

**THIRD DEFENSE**

(Failure to State a Claim)

3. Plaintiff's Complaint, and each cause of action contained therein, fails to state facts sufficient to constitute a cause of action against Defendant under any legal theory.

**FOURTH DEFENSE**

(Mitigation of Damages)

4. If Plaintiff suffered any damages as a result of the facts alleged in her Complaint, which Defendant denies, Plaintiff is not entitled to recover the amount of damages alleged or any damages due to her failure to make reasonable efforts to mitigate or minimize the damages incurred.

**FIFTH DEFENSE**

(After-Acquired Evidence)

5. Plaintiff's claims are barred to the extent she engaged in any fraud that induced Defendant to enter into any employment relationship with Plaintiff or engaged in any misconduct of which Defendant was unaware, that had it been known, would have provided a basis for the adverse employment action Plaintiff alleges in her complaint.

**SIXTH DEFENSE**

(Estoppel/waiver)

6. Because of Plaintiff's own acts and/or omissions, Plaintiff is barred by the equitable doctrines of estoppel and waiver from maintaining this action or pursuing any cause of action alleged in the Complaint against Defendant.

**SEVENTH DEFENSE**

(Unclean Hands)

7. Plaintiff has unclean hands and, therefore, is barred from each and every form of relief sought in the Complaint by the equitable doctrine of unclean hands.

**EIGHTH DEFENSE**

(Laches)

8. Plaintiff has delayed inexcusably and unreasonably in the filing of this action causing substantial prejudice to Defendant and thus her claim is barred by the doctrine of laches.

**NINTH DEFENSE**

(Statute of Frauds)

9. To the extent that Plaintiff's alleged cause of action against Defendant for Breach of Contract is based on an oral contract, it is barred by the Statute of Frauds codified in California Civil Code § 1624.

**TENTH DEFENSE**

(Vague Terms Unenforceable)

10. Plaintiff's Complaint is barred on the grounds that the alleged contract between Plaintiff and Defendant, if any, is vague and uncertain and is therefore unenforceable.

**ELEVENTH DEFENSE**

(No Employment Relationship)

11. Plaintiff's claims against any Defendant are barred to the extent that such Defendant did not serve as Plaintiff's employer.

**TWELFTH DEFENSE**

(Lack of Consideration)

12. Plaintiff's Complaint is barred on the grounds that there was no consideration for the contract alleged by Plaintiff.

**THIRTEENTH DEFENSE**

(Breach of Covenant of Good Faith and Fair Dealing)

13. Plaintiff breached any covenant of good faith and fair dealing and Plaintiff is therefore estopped from enforcing that covenant against Defendant.

**FOURTEENTH DEFENSE**

(Failure of Condition Subsequent)

14. Plaintiff's claims are barred in whole or in part because any duties of Defendant to perform as alleged by Plaintiff were excused or discharged due to the failure of conditions subsequent.

**FIFTEENTH DEFENSE**

(Failure of Condition Precedent)

15. Plaintiff's claims are barred in whole or in part because any duties of Defendant to perform as alleged by Plaintiff were excused or discharged due to the failure of conditions precedent.

**SIXTEENTH DEFENSE**

(No Contract)

16. Plaintiff's claims are barred to the extent that they are dependent upon the existence of a contract between the parties because Plaintiff's employment was at-will and there was no contract between the parties.

**SEVENTEENTH DEFENSE**

(Oral Representations Superceded)

17. To the extent Plaintiff alleges an oral contract that includes terms not included or in conflict with any alleged written contract, Plaintiff is barred from recovering damages as a result of any alleged oral representations, because all such oral representations made by

Defendant or its agents, if any, were subsequently superceded.

**EIGHTEENTH DEFENSE**

(Modification)

18. Plaintiff's alleged causes of action are barred in their entirety by California Civil Code §§ 1697 and 1698.

**NINETEENTH DEFENSE**

(Accord and Satisfaction)

19. Plaintiff's claims are barred in whole or in part by the doctrine of accord and satisfaction.

**TWENTIETH DEFENSE**

(Ripeness)

20. Plaintiff's claims are barred in whole or in part because there is a lack of justiciable controversy with respect to some or all of Plaintiff's claims because said claims are barred for lack of ripeness.

**PRAYER**

Wherefore, Defendant prays for judgment as follows:

1. That Plaintiff takes nothing by her Complaint;
2. That judgment be entered in favor of Defendant and against Plaintiff on all causes of action;
3. That Defendant be awarded reasonable attorney's fees according to proof;
4. That Defendant be awarded the costs of suit herein incurred; and
5. That Defendant be awarded such other and further relief as the Court may deem appropriate.

DATED: March 27, 2008

SEYFARTH SHAW LLP

By [signature]
Michael L. Gallion
Eileen C. Zorc
Attorneys for Defendant Unum Group

**PROOF OF SERVICE**

STATE OF CALIFORNIA )
) ss
COUNTY OF LOS ANGELES )

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Seyfarth Shaw LLP, 2029 Century Park East, Suite 3300, Los Angeles, California 90067-3063. On the date set forth below, I served the within document(s):

DEFENDANT UNUM GROUP'S ANSWER TO PLAINTIFF'S COMPLAINT

by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

Therese M. Lawless (SBN 127341)
Sonya L. Smallets (SBN 226190)
Lawless & Lawless
180 Montgomery Street, Suite 2000
San Francisco, CA 94104
Phone: 415.391.7555
Fax: 415.391.4228
tlawless@lawlesssf.com
ssmallets@lawlesssf.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than on day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on March 27, 2008, at Los Angeles, California.

M.C. Schnoebelen

**DECLARATION OF JILL CARIGLIA**

I, Jill Cariglia, declare and state as follows:

1. I am Manager, Disability Programs at Unum Group ("Defendant") and have served in that capacity since July 3, 2006. I began my employment with Defendant in March 20, 2000. The following declaration is based on my personal knowledge and, if called upon to do so, I could and would testify thereto competently. I submit this declaration in support of Unum Group's Notice of Removal.

2. In my role as Manager, I serve as owner of Defendant's Paid Time Off Policy and I also have access to employees' personnel files, including the personnel file of Celeste Pacelli ("Plaintiff"), an employee of Defendant. In the course of preparing this declaration, I have reviewed relevant business records of Defendant that Defendant maintains in the ordinary course of its business, including relevant portions of Plaintiff's personnel file and the electronic database of Defendant's employees.

3. On or about January 8, 2007, Plaintiff sent a letter regarding her Paid Time Off claim to Ann Houser, who served as Vice President of Unum Provident at that time. Plaintiff requested that the letter be placed in her personnel file. I have reviewed the letter with its attachment, which was in Plaintiff's personnel file. Attached as Exhibit D is a true and correct copy of the letter and attachment that Ann Houser received from Plaintiff and which was placed in Plaintiff's personnel file.

4. Plaintiff's January 8, 2007 letter sets forth vacation pay that she claims that she was owed in 2006. Plaintiff also included with her letter an attachment setting forth an amount of $117,349.15 by 2004 that she claims that she is owed based on accrued vacation. She also indicates in a handwritten note in the attachment that she maintains she is owed additional amounts for 2004-2006.

/ /

/ /

/ /

/ /

5. I have reviewed the electronic database of Unum Group employees, which is created in the ordinary course of business, which reflects Ms. Pacelli's residence to be in the City of Alamo, County of Contra Costa.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct and is executed this 31st day of March 2008 in Portland, Maine.

Jill Cariglia

# Exhibit D

Celeste Pacelli
335 Corrie Place
Alamo, Ca. 94507

January 8, 2007

Ann Houser
Vice President
UnumProvident
2211 Congress Street
Portland, Maine 04122

Re: 2006 PTO/Floating Holidays

Dear Ann:

The purpose of this letter is to document my PTO and floating holidays for the calendar year 2006.

As you are aware from prior correspondence I do not believe that our policy of non-accrual of PTO is legal in the State of California as I was never given the opportunity to use my bank of PTO prior to the cap being imposed. I therefore believe that I should have accrued the standard 240 hours of PTO for 2006. The following are my PTO/floating holidays which I recorded on the HR system in 2006.

Floating holidays:
October 2, 2006
December 28th and 29th, 2006

PTO:
Feb. 20, 2006
July 3, 2006
July 17 -21, 2006
August 10th, 11th, 14th, 15th, 2006
October 3 – 6, 2006
October 9 – 13, 2006

Ann, I realize that UnumProvident's legal counsel does not agree with my opinion on this issue. For the record, I would like this submitted to my personnel file as I intend to resolve this upon my termination with the assistance of my attorney and the California Department of Labor. As my letter dated January 7, 2005 stated the reasons for my disagreement I see no need to repeat them in this correspondence.

| Pacelli,Celeste | Carryover | Record on File Eligible | Recorded | Difference |
|---|---|---|---|---|
| 1984 | | 112.50 | 15.00 | 97.50 |
| 1985 | | 112.50 | 90.00 | 22.50 |
| 1986 | | 112.50 | 29.25 | 83.25 |
| 1987 | | 112.50 | 112.50 | - |
| 1988 | | 112.50 | - | 112.50 |
| 1989 | | 112.50 | 45.00 | 67.50 |
| 1990 | | 112.50 | 30.00 | 82.50 |
| 1991 | | 150.00 | 75.00 | 75.00 |
| 1992 | | 150.00 | 97.50 | 52.50 |
| 1993 | | 150.00 | 127.50 | 22.50 |
| 1994 | | 150.00 | 97.50 | 52.50 |
| 1995 | | 150.00 | 135.00 | 15.00 |
| 1996 | | 150.00 | 82.50 | 67.50 |
| 1997 | | 150.00 | 60.00 | 90.00 |
| 1998 | | 150.00 | - | 150.00 |
| 1999 | | 160.00 | - | 160.00 |
| 2000 | 80.00 | 240.00 | 152.00 | 168.00 |
| 2001 | 168.00 | 240.00 | 120.00 | 288.00 |
| 2002 | 288.00 | 240.00 | 96.00 | 432.00 |
| 2003 | 432.00 | 240.00 | 168.00 | 504.00 |
| 2004 | 504.00 | - | - | 504.00 |

Assumed Carryover Hrs From 1984 - 2004

| | Carryover | Eligible | Recorded | Difference | |
|---|---|---|---|---|---|
| 1984 | | 112.50 | [illegible] | [illegible] | |
| 1985 | 97.50 | 112.50 | 90.00 | 120.00 | |
| 1986 | 120.00 | 112.50 | 29.25 | 203.25 | |
| 1987 | 203.25 | 112.50 | 112.50 | 203.25 | |
| 1988 | 203.25 | 112.50 | - | 315.75 | |
| 1989 | 315.75 | 112.50 | 45.00 | 383.25 | |
| 1990 | 383.25 | 112.50 | 30.00 | 465.75 | |
| 1991 | 465.75 | 150.00 | 75.00 | 540.75 | |
| 1992 | 540.75 | 150.00 | 97.50 | 593.25 | |
| 1993 | 593.25 | 150.00 | 127.50 | 615.75 | |
| 1994 | 615.75 | 150.00 | 97.50 | 668.25 | |
| 1995 | 668.25 | 150.00 | 135.00 | 683.25 | |
| 1996 | 683.25 | 150.00 | 82.50 | 750.75 | |
| 1997 | 750.75 | 150.00 | 60.00 | 840.75 | |
| 1998 | 840.75 | 150.00 | - | 990.75 | |
| 1999 | 990.75 | 160.00 | - | 1,150.75 | |
| 2000 | 1,150.75 | 240.00 | 152.00 | 1,238.75 | |
| 2001 | 1,238.75 | 240.00 | 120.00 | 1,358.75 | |
| 2002 | 1,358.75 | 240.00 | 96.00 | 1,502.75 | |
| 2003 | 1,502.75 | 240.00 | 168.00 | 1,574.75 | |
| 2004 | 1,574.75 | - | - | 1,574.75 | $117,349.15 |

| | | | | |
|---|---|---|---|---|
| 2004 | 1574.75 | 240.00 | 160.00 | 1654.75 |
| 2005 | 1654.75 | 240.00 | 144.00 | 1750.75 |
| 2006 | 1750.75 | 240.00 | 160.00 | 1830.75 |

**PROOF OF SERVICE**

STATE OF CALIFORNIA )
) ss
COUNTY OF LOS ANGELES )

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Seyfarth Shaw LLP, 2029 Century Park East, Suite 3300, Los Angeles, California 90067-3063. On the date set forth below, I served the within document(s):

1. Civil Cover Sheet
2. Certification of Interested Entities or Persons
3. Notice of Removal

by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

Therese M. Lawless (SBN 127341)
Sonya L. Smallets (SBN 226190)
Lawless & Lawless
180 Montgomery Street, Suite 2000
San Francisco, CA 94104
Phone: 415.391.7555
Fax: 415.391.4228
tlawless@lawlesssf.com
ssmallets@lawlesssf.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than on day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on March 31, 2008, at Los Angeles, California.

M.C. Schnoebelen