SEYFARTH SHAW LLP
Michael L. Gallion (SBN 189128) mgallion@seyfarth.com
Eileen C. Zorc (SBN 233797) ezorc@seyfarth.com
2029 Century Park East, Suite 3300
Los Angeles, California 90067-3063
Telephone: (310) 277-7200
Facsimile: (310) 201-5219

Attorneys for Defendant
UNUM GROUP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CELESTE PACELLI, | Case No. C 08-01723 SC |
| Plaintiff, | |
| v. | **DEFENDANT'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT** |
| UNUM Group and DOES ONE through FIFTY, inclusive | |
| Defendants. | |

LA1 6690514.1

Defendant Unum Group ("Defendant") hereby amends its answer as of right, pursuant to Rule 15 of the Federal Rules of Civil Procedure, to the complaint ("Complaint") of Celeste Pacelli ("Plaintiff"). Unless and to the extent expressly admitted herein, Defendant denies any and all allegations in the Complaint.

### INTRODUCTORY STATEMENT

1. Paragraph 1 of the Complaint asserts legal declarations and conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 1 of the Complaint, except admits that Plaintiff has filed this lawsuit charging Defendant with failure to pay vested vacation and paid time off hours allegedly owed to Plaintiff.

### JURISDICTION AND VENUE

2. Defendant admits that the monetary damages sought by Plaintiff exceed the minimal jurisdictional limits of the California Superior Court and also avers that the monetary damages and other relief sought exceed the $75,000 amount in controversy requirement for removal to federal court under 28 USC § 1332(a). The remainder of Paragraph 2 of the Complaint asserts legal declarations and conclusions to which no response is required. To the extent a response is required, Defendant denies the remaining allegations in paragraph 2 of the Complaint.

3. Defendant admits that it has not designated a principal business office in California and avers that it is now, and was at all relevant times, incorporated under the laws of the State of Delaware, with Defendant's principal place of business located in Chattanooga, Tennessee and Portland, Maine. Defendant also admits that Plaintiff has been employed in Contra Costa County and avers that venue is proper in the Northern District of California. Defendant also admits that it operates a business office in Contra Costa County.

### FACTS COMMON TO MORE THAN ONE CAUSE OF ACTION

4. Paragraph 4 of the Complaint asserts legal declarations and conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 4 of the Complaint.

5. Paragraph 5 of the Complaint asserts legal declarations and conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 5 of the Complaint.

6. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 6, and on that basis denies each and every allegation contained therein.

7. Defendant admits that, on or about April 30, 1984, Defendant or its predecessor or affiliated entity hired Plaintiff. Defendant admits that Plaintiff is currently employed by Defendant as a Market Manager in Contra Costa County.

8. Defendant admits that, effective on or about January 1, 2004, Defendant changed its policy related to vacation and paid time off. Defendant denies the remaining allegations in paragraph 8 of the Complaint.

## FIRST CAUSE OF ACTION

**(Recovery of Wages – Violation of Labor Code Sections 200, et seq.)**

9. Defendant reasserts and incorporates its responses to paragraphs 1 through 8 of the Complaint as if fully set forth herein.

10. Defendant admits that at the time of the commencement of Plaintiff's employment with Defendant or its predecessor or affiliated entity, Plaintiff began to earn vacation pay and paid time off hours, pursuant to applicable policies of Defendant or its predecessor or affiliated entity.

11. Defendant admits that, on or about January 1, 2004, Defendant changed its policy relating to vacation and paid time off. Defendant denies the remaining allegations in paragraph 11 of the Complaint.

12. Defendant denies the allegations in paragraph 12 of the Complaint.

13. Defendant denies the allegations in paragraph 13 of the Complaint.

14. Defendant denies the allegations in paragraph 14 of the Complaint.

15. Defendant denies the allegations in paragraph 15 of the Complaint.

## SECOND CAUSE OF ACTION

### (Breach of Contract)

16. Defendant reasserts and incorporates its responses to paragraphs 1 through 8 of the Complaint as if fully set forth herein.

17. Defendant admits that on or about April 30, 1984, Plaintiff began to earn vacation pay and paid time off hours, pursuant to applicable policies of Defendant or its predecessor or affiliated entity. Defendant admits that, effective on or about January 1, 2004, Defendant changed its policy related to vacation and paid time off. Defendant denies the remaining allegations in paragraph 17 of the Complaint.

18. Defendant denies the allegations in paragraph 18 of the Complaint.

19. Defendant denies the allegations in paragraph 19 of the Complaint.

20. Defendant denies the allegations in paragraph 20 of the Complaint.

## THIRD CAUSE OF ACTION

### (Bad Faith)

21. Defendant reasserts and incorporates its responses to paragraphs 1 through 8 of the Complaint as if fully set forth herein.

22. Defendant denies the allegations in paragraph 22 of the Complaint.

23. Defendant denies the allegations in paragraph 23 of the Complaint.

24. Defendant denies the allegations in paragraph 24 of the Complaint.

## DAMAGES

25. Defendant denies the allegations in paragraph 25 of the Complaint.

26. Defendant denies the allegations in paragraph 26 of the Complaint.

## PRAYER

27. Answering the "Prayer," Defendant denies that Plaintiff is entitled to the relief for which she prays.

## SEPARATE DEFENSES

In further answer to Plaintiff's Complaint, Defendant asserts the following defenses. In asserting these defenses, Defendant does not assume the burden of proof as to matters that,

pursuant to law, are Plaintiff's burden to prove. Defendant further avers that Plaintiff's claims are so vague as to render it impossible to identify every possible affirmative or other defense, and thus, expressly reserves its right to assert additional defenses should the precise nature of Plaintiff's claims become clear.

### FIRST DEFENSE

(Statute of Limitations)

1. Plaintiff's claims are barred by the applicable statute of limitations, including, but not limited to, California Code of Civil Procedure §§ 337, 338, 339 and 340.

### SECOND DEFENSE

(No Penalties)

2. Plaintiff is not entitled to any penalties under any section of the California Labor Code because Defendant did not willfully fail to comply with the compensation provisions of the California Labor Code §§ 200, 201, 203, *et seq.*, but rather acted in good faith and had reasonable grounds for believing that it did not violate such provisions.

### THIRD DEFENSE

(Failure to State a Claim)

3. Plaintiff's Complaint, and each cause of action contained therein, fails to state facts sufficient to constitute a cause of action against Defendant under any legal theory.

### FOURTH DEFENSE

(Mitigation of Damages)

4. If Plaintiff suffered any damages as a result of the facts alleged in her Complaint, which Defendant denies, Plaintiff is not entitled to recover the amount of damages alleged or any damages due to her failure to make reasonable efforts to mitigate or minimize the damages incurred.

### FIFTH DEFENSE

(After-Acquired Evidence)

5. Plaintiff's claims are barred to the extent she engaged in any fraud that induced Defendant to enter into any employment relationship with Plaintiff or engaged in any misconduct

of which Defendant was unaware, that had it been known, would have provided a basis for the adverse employment action Plaintiff alleges in her complaint.

### SIXTH DEFENSE

(Estoppel/waiver)

6.  Because of Plaintiff's own acts and/or omissions, Plaintiff is barred by the equitable doctrines of estoppel and waiver from maintaining this action or pursuing any cause of action alleged in the Complaint against Defendant.

### SEVENTH DEFENSE

(Unclean Hands)

7.  Plaintiff has unclean hands and, therefore, is barred from each and every form of relief sought in the Complaint by the equitable doctrine of unclean hands.

### EIGHTH DEFENSE

(Laches)

8.  Plaintiff has delayed inexcusably and unreasonably in the filing of this action causing substantial prejudice to Defendant and thus her claim is barred by the doctrine of laches.

### NINTH DEFENSE

(Statute of Frauds)

9.  To the extent that Plaintiff's alleged cause of action against Defendant for Breach of Contract is based on an oral contract, it is barred by the Statute of Frauds codified in California Civil Code § 1624.

### TENTH DEFENSE

(Vague Terms Unenforceable)

10.  Plaintiff's Complaint is barred on the grounds that the alleged contract between Plaintiff and Defendant, if any, is vague and uncertain and is therefore unenforceable.

### ELEVENTH DEFENSE

(No Employment Relationship)

11.  Plaintiff's claims against any Defendant are barred to the extent that such Defendant did not serve as Plaintiff's employer.

**TWELFTH DEFENSE**

(Lack of Consideration)

12. Plaintiff's Complaint is barred on the grounds that there was no consideration for the contract alleged by Plaintiff.

**THIRTEENTH DEFENSE**

(Breach of Covenant of Good Faith and Fair Dealing)

13. Plaintiff breached any covenant of good faith and fair dealing and Plaintiff is therefore estopped from enforcing that covenant against Defendant.

**FOURTEENTH DEFENSE**

(Failure of Condition Subsequent)

14. Plaintiff's claims are barred in whole or in part because any duties of Defendant to perform as alleged by Plaintiff were excused or discharged due to the failure of conditions subsequent.

**FIFTEENTH DEFENSE**

(Failure of Condition Precedent)

15. Plaintiff's claims are barred in whole or in part because any duties of Defendant to perform as alleged by Plaintiff were excused or discharged due to the failure of conditions precedent.

**SIXTEENTH DEFENSE**

(No Contract)

16. Plaintiff's claims are barred to the extent that they are dependent upon the existence of a contract between the parties because Plaintiff's employment was at-will and there was no contract between the parties.

**SEVENTEENTH DEFENSE**

(Oral Representations Superseded)

17. To the extent Plaintiff alleges an oral contract that includes terms not included or in conflict with any alleged written contract, Plaintiff is barred from recovering damages as a result of any alleged oral representations, because all such oral representations made by

1  Defendant or its agents, if any, were subsequently superseded.

### EIGHTEENTH DEFENSE

(Modification)

18.  Plaintiff's alleged causes of action are barred in their entirety by California Civil Code §§ 1697 and 1698.

### NINETEENTH DEFENSE

(Accord and Satisfaction)

19.  Plaintiff's claims are barred in whole or in part by the doctrine of accord and satisfaction.

### TWENTIETH DEFENSE

(Ripeness)

20.  Plaintiff's claims are barred in whole or in part because there is a lack of justiciable controversy with respect to some or all of Plaintiff's claims because said claims are barred for lack of ripeness.

### TWENTY-FIRST DEFENSE

(Release)

21.  Plaintiff's claims are barred because she has released, in whole or in part, the claims which are the subject of the Complaint.

### PRAYER

Wherefore, Defendant prays for judgment as follows:

1.  That Plaintiff takes nothing by her Complaint;

2.  That judgment be entered in favor of Defendant and against Plaintiff on all causes of action;

3.  That Defendant be awarded reasonable attorney's fees according to proof;

/ /

/ /

/ /

/ /

4. That Defendant be awarded the costs of suit herein incurred; and

5. That Defendant be awarded such other and further relief as the Court may deem appropriate.

DATED: April 15, 2008                              SEYFARTH SHAW LLP

By: /s
Michael L. Gallion
Eileen C. Zorc

Attorneys for Defendant
UNUM GROUP

LA1 6690514.1                             9
DEFENDANT'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT
– Case No. C 08-01723 SC