SEYFARTH SHAW LLP
Michael L. Gallion (SBN 189128) mgallion@seyfarth.com
Eileen C. Zorc (SBN 233797) ezorc@seyfarth.com
2029 Century Park East, Suite 3300
Los Angeles, California 90067-3063
Telephone: (310) 277-7200
Facsimile: (310) 201-5219

Attorneys for Defendant
UNUM GROUP

LAWLESS & LAWLESS
Therese M. Lawless (SBN 127341) tlawless@lawlesssf.com
Sonya L. Smallets (SBN 226190) SSmallets@LawlessSF.com
180 Montgomery Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 391-7555

Attorneys for Plaintiff
CELESTE PACELLI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CELESTE PACELLI,<br><br>   Plaintiff,<br><br>v.<br><br>UNUM Group and DOES ONE through FIFTY, inclusive<br><br>   Defendants. | Case No. C 08-01723 SC<br><br>**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] CASE MANAGEMENT ORDER**<br><br>Initial Case Management Conference:<br>Date:  July 11, 2008<br>Time:  10:00 a.m.<br>Dept:  Crtrm 1, 17th Floor, SF |

Pursuant to Local Rule 16-9 and Federal Rules of Civil Procedure 26(f), Plaintiff Celeste Pacelli ("Plaintiff") and Defendant Unum Group ("Defendant") submit the following Joint Case Management Statement:

LA1 6702416.2

JOINT CASE MANAGEMENT STATEMENT
– Case No. C 08-01723 SC

## I. JURISDICTION AND SERVICE

Plaintiff has completed service on Defendant. Defendant timely removed this action to this Court on March 31, 2008, on the basis of diversity jurisdiction. *See* 28 U.S.C. § 1332. Plaintiff is a citizen of California. Defendant represents that it is a citizen of a state other than California within the meaning of 28 U.S.C. § 1332(c)(1). Additionally, the amount in controversy exceeds $75,000.

## II. FACTS

The parties to this case are Plaintiff Celeste Pacelli and Defendant Unum Group. Plaintiff is a current employee of Defendant and filed this action on December 31, 2007. Plaintiff asserts an individual claim for alleged failure by Defendant to pay all vested Paid Time Off ("PTO") under Cal. Labor Code § 227.3. Plaintiff alleges that when Defendant changed its PTO policy and instituted a cap on accrued PTO on January 1, 2004, Defendant did not give Plaintiff a reasonable period in which to use her accrued PTO, which Plaintiff alleges caused her to lose a substantial amount of PTO. Plaintiff further alleges that because of the change in policy, she was prohibited from accruing additional PTO.

Defendant denies Plaintiff's allegations that it failed to pay Plaintiff her vested PTO. Defendant maintains that it provided Plaintiff with substantial notice of the change in the PTO policy. It provided all employees with notice in 2002 and the change did not take effect until 2004. Defendant also maintains that it provided Plaintiff with the opportunity to take PTO each year.

The principal factual issues in dispute are the calculation of Plaintiff's PTO, if any is owed.

## III. LEGAL ISSUES

The principal legal issues include 1) whether Defendant has failed to pay all of Plaintiff's vested PTO; 2) the ripeness of the lawsuit, since Plaintiff is a current employee; 3) laches; 4) the appropriate statute of limitations, and whether *Church v. Jamison*, 143 Cal. App. 4th 1568 (2006), applies; 5) the appropriate method of calculating Plaintiff's PTO; and 6) whether Plaintiff has previously released her claims.

## IV. MOTIONS

Defendant anticipates filing a motion for summary judgment or partial summary judgment after completion of an initial round of discovery and Plaintiff's deposition.

Defendant may seek to have the Court determine certain threshold legal issues before trial.

## V. AMENDMENT OF PLEADINGS

The parties do not anticipate adding any parties at this time. The parties reserve the right to amend their pleadings until and including September 30, 2008.

## VI. EVIDENCE PRESERVATION

The parties have agreed, during pendency of the litigation, to preserve all documents relevant to the subject matter of litigation, including, without limitation, electronic databases, internal and external emails and systems, and hard copy documents. Defendant affirms that appropriate steps have been taken to help ensure the preservation of potentially discoverable materials in this action.

## VII. DISCLOSURES

Initial disclosures pursuant to Rule 26 will be completed by July 23, 2008.

## VIII. DISCOVERY

The parties met in person pursuant to Rule 26 on June 4, 2008 at the office of Plaintiff's counsel. The parties do not at present anticipate a need to limit discovery permissible under the Federal Rules of Civil Procedure or the Court's Local Rules. The parties do not believe that discovery should be conducted in phases, nor that it should be focused upon particular issues other than those framed by the parties' respective pleadings.

Discovery will be conducted on the following general issues: 1) The claims/causes of action and damages allegedly incurred by Plaintiff; and 2) Defendant's alleged affirmative defenses.

Defendant intends to conduct Plaintiff's deposition and reserves the right to take additional depositions. Plaintiff currently anticipates taking 5 or 6 depositions regarding

Plaintiff's PTO and Defendant's PTO policy and reserves the right to take additional depositions as permitted under the Federal Rules of Civil Procedure.

The non-expert discovery cut off date should be February 3, 2009 (90 days before proposed trial date).

## IX. CLASS ACTIONS

This section does not apply as this case is not a class action.

## X. RELATED CASES

The parties are not aware of any related cases pending.

## XI. RELIEF

Plaintiff currently estimates her monetary damages to be at least $350,000, excluding attorneys' fees and costs, statutory penalties, and any other relief allowed by law. This estimate is based on the information currently in Plaintiff's possession. Information that Plaintiff would need to estimate this amount with greater precision should be in Defendant's possession. Expert testimony may be needed to calculate the amount of Plaintiff's monetary damages. In addition, the amount of Plaintiff's monetary damages may be affected by the Court's resolution of certain legal issues. For these reasons, Plaintiff reserves the right to revise this estimate. Defendant contends that in the event that any PTO is determined to be owed, the PTO should be calculated on the basis of Plaintiff's base pay.

## XII. SETTLEMENT AND ADR

The parties have submitted, and the Court has signed, the Stipulation and Order Selecting ADR Process. The parties have also signed and filed the ADR Certification by Parties and Counsel. The parties have agreed to private mediation and are currently working on scheduling a mediation pursuant to the Court's June 23, 2008 Order Selecting ADR Process.

## XIII. CONSENT TO MAGISTRATE JUDGE

Defendant declines to proceed before a magistrate judge.

## XIV. OTHER REFERENCES

The parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## XV. NARROWING OF ISSUES

Defendant may seek to have the Court determine certain threshold legal issues before trial.

## XVI. EXPEDITED SCHEDULE

The parties do not believe this case can be handled on an expedited basis.

## XVII. SCHEDULING

The parties propose the following schedule:

Designation of experts: February 3, 2009 (90 days before proposed trial date)

Non-Expert Discovery cutoff: February 3, 2009 (90 days before proposed trial date)

Hearing of Dispositive Motions: February 18, 2009 (75 days before proposed trial date)

Designation of rebuttal experts: March 5, 2009 (60 days before trial)

Expert Discovery cutoff: April 6, 2009 (30 days before proposed trial date)

Pretrial Conference: April 17, 2009

Trial Date: May 4, 2009

## XVIII. TRIAL

Plaintiff has submitted a jury demand. Plaintiff anticipates that the trial will take 10-12 days. Defendant estimates that the trial will be shorter, and will be a total of 4-5 days. The parties do not currently anticipate any major procedural or evidentiary problems to occur at trial or during discovery; to the extent that such issues arise, the parties will bring them to the attention of the Court.

/ /

/ /

/ /

/ /

/ /

/ /

/ /

XIX. **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Each party has filed a Disclosure of Non-Party Interested Entities or Persons pursuant to Civil Local Rule 3-16. Each party hereby restates the contents of the filed Disclosures that each party certifies that, other than the named parties (Plaintiff Celesete Pacelli and Defendant Unum Group), there is no such interest to report.

DATED: July 7, 2008                         SEYFARTH SHAW LLP

                                            By: _____
                                                Eileen Zorc

                                            Attorneys for Defendant
                                            UNUM GROUP

DATED: July 7, 2008                         LAWLESS & LAWLESS

                                            By: _____
                                                Sonya Smallets

                                            Attorneys for Plaintiff
                                            CELESTE PACELLI

**CASE MANAGEMENT ORDER**

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case, and the parties are ordered to comply with this Order.

DATED: _____              _____
                                            Honorable Samuel Conti
                                            United States District Judge