1  BARBARA A. LAWLESS - Bar # 53195
   THERESE M. LAWLESS - Bar # 127341
2  SONYA L. SMALLETS - Bar # 226190
   LAWLESS & LAWLESS
3  180 Montgomery Street, Suite 2000
   San Francisco, CA 94104
4  Telephone: (415) 391-7555
5  Facsimile:  (415) 391-4228
   blawless@lawlesssf.com
6  tlawless@lawlesssf.com
7  ssmallets@lawlesssf.com

8
   Attorneys for Plaintiff
9  CELESTE PACELLI

10

11              UNITED STATES DISTRICT COURT

12           FOR THE NORTHERN DISTRICT OF CALIFORNIA

13                   (Unlimited Jurisdiction)

14

15  CELESTE PACELLI,                    ) No. C 08-01723 SC
16                                      )
                                        ) FIRST AMENDED COMPLAINT FOR
17              Plaintiff,              ) DAMAGES ARISING FROM VIOLATION
                                        ) OF CALIFORNIA LABOR CODE SECTIONS
18         vs.                          ) 200, ET SEQ., BREACH OF CONTRACT,
                                        ) BAD FAITH, DISCRIMINATION,
19                                      ) HARASSMENT AND RETALIATION,
    UNUM GROUP and DOES ONE through     ) INTENTIONAL INFLICTION OF
20  FIFTY, inclusive,                   ) EMOTIONAL DISTRESS AND FOR
                                        ) ATTORNEYS' FEES AND COSTS
21              Defendants.             )
                                        )
22                                      ) JURY TRIAL DEMANDED
23                                      )
                                        ) *Amount Demanded Exceeds*
24                                      ) *$25,000 (Gov't. Code § 72055)*
25

26

27

28

FIRST AMENDED COMPLAINT
CASE NO. C 08-01723 SC                                              - 1 -

Plaintiff CELESTE PACELLI complains against defendants, and each of them, demands a trial by jury of all issues and for causes of action alleges:

## INTRODUCTORY STATEMENT

1. This is a lawsuit charging defendant UNUM GROUP (hereinafter "UNUM") with failure to pay vested vacation and paid time off hours owed to its employee, CELESTE PACELLI, and for illegally, unconscionably and unilaterally changing, as of January 1, 2004, its vacation and paid time off policy in order to eliminate vested vacation and paid time off already earned by CELESTE PACELLI, thereby depriving Celeste Pacelli of her vested vacation and paid time off hours and causing the forfeiture of said pay to UNUM. Vested vacation and paid time off constitutes wages under the California Labor Law Code and must be paid to CELESTE PACELLI. The change in UNUM's policy, effective January 1, 2004, has resulted in immediate harm to CELESTE PACELLI, and has caused her damages. This lawsuit also charges defendant UNUM with discrimination and harassment based on sex and age and retaliation.

## JURISDICTION AND VENUE

2. The monetary damages sought by plaintiff exceed the minimal jurisdictional limits of the Superior Court and will be established according to proof at trial. Further, there is no federal question at issue, as the subject claims and remedies relating thereto are bound solely on the California Labor Code, California State common law, and California statutes.

3. UNUM has not designated a principal business office in California and may be sued in any county in California. Further, venue is proper in Contra Costa County because plaintiff was employed in Contra Costa County, and the failure to pay vested vacation pay and paid time off occurred in Contra Costa County. UNUM operates a business office in Contra Costa County.

///
///
///

FIRST AMENDED COMPLAINT
CASE NO. C 08-01723 SC

- 2 -

# FACTS COMMON TO MORE THAN ONE CAUSE OF ACTION

4. Plaintiff is ignorant of the true names or capacities of the defendants sued here under the fictitious names DOE ONE through DOE FIFTY, inclusive. Plaintiff is informed and believes that each of DOE defendants was responsible in some manner for the occurrences and injuries alleged in this complaint.

5. At all times mentioned in the causes of action into which this paragraph is incorporated by reference, each and every defendant was the agent or employee of each and every other defendant. In doing the things alleged in the causes of action into which this paragraph is incorporated by reference, each and every defendant was acting within the course and scope of this agency or employment and was acting with the consent, permission, and authorization of each of the remaining defendants. All actions of each defendant alleged in the causes of action into which this paragraph is incorporated by reference were ratified and approved by the officers or managing agents of every other defendant.

6. At the pertinent times mentioned in this complaint, defendant UNUM GROUP was a corporation doing business in the State of California. Defendant UNUM GROUP will be referred to as defendant "UNUM."

7. On or about April 30, 1984, defendant UNUM hired plaintiff. Plaintiff is currently employed by UNUM as a Market Manager in Contra Costa County.

8. On or about April 30, 1984, and during the term of plaintiff's employment, plaintiff and defendant UNUM entered into an agreement which required that defendants pay plaintiff for vacation and time off. The basic terms of the agreement provided that defendant would pay plaintiff her vacation and time off as accrued. However, on January 1, 2004, defendant changed its policy and instituted a cap on accrued paid time off and vacation. Defendant did not allow plaintiff to utilize her vested paid time off and vacation pay, causing plaintiff to lose a substantial sum. Defendant also did not give plaintiff a reasonable period in which to use her accrued vacation and paid time off after she had earned the vacation and paid time off which, pursuant to defendants' change in policy, prohibited her from accruing additional vacation and paid time off.

///

# FIRST CAUSE OF ACTION
## Recovery of Wages - Violation of Labor Code Sections 200, et seq.

As a first, separate and distinct cause of action, plaintiff complains against defendants UNUM and DOES ONE through TWENTY, and each of them, and for a cause of action alleges:

9. Plaintiff incorporates by reference Paragraphs 1 through 8, inclusive as though set forth in full.

10. At the time of the commencement of plaintiff's employment with defendant UNUM, plaintiff began to earn and accrue vested vacation pay and paid time off hours.

11. On or about January 1, 2004, defendant UNUM changed its policy relating to vacation and paid time off. This change in policy resulted in a situation whereby plaintiff has been unable to use her accrued and vested vacation and paid time off hours, and defendant has been unwilling to pay plaintiff for said accrued and vested vacation time and paid time off hours. The change in policy also did not provide plaintiff with a reasonable period in which to use her accrued vacation and paid time off.

12. Defendants failure to allow plaintiff to utilize her vested paid time off and vacation hours resulted in plaintiff being unable to accumulate or acquire additional paid time off and vacation hours.

13. Defendant UNUM's failure to pay plaintiff the full amount of her vested paid time off and vacation hours and refusal to allow her to utilize said vested hours constitutes a violation of California Labor Code Sections 200, 201, 202, 206, 210, 216, 221, and 227.3, among others. Further, defendant forfeited plaintiff's vested paid time off and vacation pay on January 1, 2004, when defendant implemented a new policy in the State of California. The amount of forfeited vested vacation and paid time off pay is an amount to be ascertained at trial. Defendant's forfeiture violates the provisions of California Labor Code Sections 200, 201, 202, 206, 210, 216, 221, and 227.3.

14. Defendant's failure to pay wages and forfeiture of vested vacation and paid time off pay was willful, entitling plaintiff to interest and attorneys' fees and costs under California Labor Code Sections 218.5 and 218.6.

///

///

15. Plaintiff suffered damages legally caused by defendant's violation of the California Labor Code as stated above, and in the section below entitled, "DAMAGES," which is incorporated here to the extent pertinent as if set forth her in full.

## SECOND CAUSE OF ACTION
**Breach of Contract**

As a second, separate and distinct cause of action, plaintiff complains against defendants UNUM and DOES ONE through TWENTY, and each of them, and for a cause of action alleges:

16. Plaintiff incorporates by reference Paragraphs 1 through 8, inclusive, as though set forth here in full.

17. On or about April 30, 1984, and during the term of plaintiff's employment, plaintiff and defendant UNUM entered into an agreement which required that defendants pay plaintiff for vacation and time off. The basic terms of the agreement provided that defendant would pay plaintiff her vacation and time off as accrued. However, on January 1, 2004, defendant changed its policy and instituted a cap on accrued paid time off and vacation. Defendant did not allow plaintiff to utilize her vested paid time off and vacation pay, causing plaintiff to lose a substantial sum. Defendant also did not give plaintiff a reasonable period in which to use her accrued vacation and paid time off after she had earned the vacation and paid time off which, pursuant to defendants' change in policy, prohibited her from accruing additional vacation and paid time off.

18. Plaintiff undertook and continued employment and duly performed all of the conditions of the agreement to be performed by her. Plaintiff had, at all times, been ready, willing and able to perform all of the conditions of the agreement to be performed by her.

19. On or about January 1, 2004 and continuing to date, defendants UNUM and DOES ONE through TWENTY breached the agreement by refusing to allow plaintiff to utilize her vested paid time off or vacation time and by refusing to pay plaintiff for such.

20. Plaintiff suffered damages legally caused by the breach of contract as stated in the section below entitled "DAMAGES," which is incorporated here to the extent pertinent as if set forth here in full.

FIRST AMENDED COMPLAINT
CASE NO. C 08-01723 SC                                                                                               - 5 -

### THIRD CAUSE OF ACTION
### Bad Faith

As a third, separate and distinct cause of action, plaintiff complains against defendants UNUM and DOES ONE through TWENTY, and each of them, and for a cause of action alleges:

21. Plaintiff hereby incorporates by reference Paragraphs 1 through 8 inclusive, as though set forth here in full.

22. The law imposed duties on defendants UNUM and DOES ONE through TWENTY in connection with the agreement to pay vested paid time off and vacation pay, and to act fairly and in good faith towards plaintiff. Defendants covenanted to give full cooperation to plaintiff in her performance under the agreement and to refrain from any act which would prevent or impede any of the conditions of the agreement from being performed, which would deny the agreement, or which would prevent plaintiff from receiving the benefits of the agreement.

23. On or about January 1, 2004 and continuing to date, defendants UNUM and DOES ONE through TWENTY breached these duties imposed by law in connection with the agreement by refusing to allow plaintiff to utilize her vested paid time off or vacation time and by refusing to pay plaintiff for such.

24. Plaintiff suffered damages legally caused by the bad faith as stated in the section below entitled "DAMAGES," which is incorporated here to the extent pertinent as if set forth here in full.

### FOURTH CAUSE OF ACTION
### Sex Discrimination, Harassment and Retaliation
### in Violation of the California Fair Employment and Housing Act

As a fourth, separate and distinct cause of action, plaintiff complains against defendants UNUM and DOES ONE through THIRTY, and each of them, and for a cause of action alleges:

25. Plaintiff hereby incorporates by reference Paragraphs 1 through 8, inclusive, as though set forth here in full.

26. Defendants UNUM and DOES ONE through THIRTY are employers in the State of California, as defined in the California Fair Employment and Housing Act ("FEHA").

///

27. Defendants UNUM and DOES ONE through THIRTY have discriminated against and harassed plaintiff on the basis of her sex, female, and retaliated against plaintiff because she complained about the discrimination and harassment in violation of the California Fair Employment and Housing Act. Plaintiff has also been demoted, denied promotions and subjected to a hostile work environment during her employment because of her sex, female. Said discrimination, harassment, retaliation and hostile work environment are continuing and ongoing.

28. Plaintiff filed a charge of sex discrimination with the California Department of Fair Employment and Housing within one year of the discrimination. Plaintiff has exhausted her administrative remedies.

29. Plaintiff suffered damages legally caused by these defendants' discrimination as stated in the section below entitled "DAMAGES," which is incorporated here to the extent pertinent as if set forth here in full.

## FIFTH CAUSE OF ACTION
### Age Discrimination, Harassment and Retaliation
### in Violation of the California Fair Employment and Housing Act

As a fifth, separate and distinct cause of action, plaintiff complains against defendants UNUM and DOES ONE through THIRTY, and each of them, and for a cause of action alleges:

30. Plaintiff hereby incorporates by reference Paragraphs 1 through 8, inclusive, as though set forth here in full.

31. Defendants UNUM and DOES ONE through THIRTY are employers in the State of California, as defined in the California Fair Employment and Housing Act ("FEHA").

32. Defendants UNUM and DOES ONE through THIRTY have discriminated against and harassed plaintiff on the basis of her age, currently 55, and retaliated against plaintiff because she complained about the discrimination and harassment in violation of the California Fair Employment and Housing Act. Plaintiff has also been demoted, denied promotions and subjected to a hostile work environment during her employment because of her age. Said discrimination, harassment, retaliation and hostile work environment are continuing and ongoing.

///

FIRST AMENDED COMPLAINT
CASE NO. C 08-01723 SC                                                                                                                            - 7 -

33. Plaintiff filed a charge of age discrimination with the California Department of Fair Employment and Housing within one year of the discrimination. Plaintiff has exhausted her administrative remedies.

34. Plaintiff suffered damages legally caused by these defendants' discrimination as stated in the section below entitled "DAMAGES," which is incorporated here to the extent pertinent as if set forth here in full.

## SIXTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress

As a sixth, separate and distinct cause of action, plaintiff complains against all defendants, and each of them, and for a cause of action alleges:

35. Plaintiff hereby incorporates by reference Paragraphs 1 through 8, 25 through 34, and 44 through 47, inclusive, as though set forth here in full.

36. On or about April 30, 1984, plaintiff accepted employment with defendant UNUM. Plaintiff was assured job security and that she would not be discriminated against, harassed or retaliated against and thereafter remained in her employment in reliance on those assurances.

37. Defendants UNUM and DOES ONE through THIRTY were in a position of power over plaintiff, with the potential to abuse that power. Plaintiff was in a vulnerable position because of her relative lack of power, because of her reliance on defendants' assurances and forbearance of the possibility of becoming employed elsewhere, because she had placed her trust in defendants, because she depended on her employment for her self esteem and sense of belonging, because she relied upon her employment as a source of income for her support and because of the great disparity in bargaining power between plaintiff and her employer. Defendants were aware of plaintiff's vulnerability and the reasons for it.

38. During plaintiff's employment, defendants discriminated against and harassed her because of her sex, female, and age and retaliated against her because she complained about the discrimination and harassment. Defendants' treatment of plaintiff and the manner in which they accomplished it was outrageous in that defendants at all times intended to discriminate against, harass

and retaliate against plaintiff leaving plaintiff without her the sense of self worth and security which she derived from her employment, and which defendants knew that she derived from her employment.

39. This conduct by defendants was intended to cause plaintiff emotional distress or was done with reckless disregard of the probability of causing plaintiff emotional distress.

40. Plaintiff suffered severe emotional distress as a legal result of defendants' outrageous conduct. Plaintiff suffered severe mental distress, suffering and anguish as a legal result of defendants' outrageous conduct, reacting to her treatment with humiliation, embarrassment, anger, disappointment and worry, all of which is substantial and enduring.

## DAMAGES

41. As a legal result of the conduct by defendants of which plaintiff complains, plaintiff suffered and continues to suffer substantial losses in earnings, paid time off, vacation pay, and other employee benefits. Plaintiff will seek leave to amend this complaint to state the amount or will proceed according to proof at trial.

42. Plaintiff suffered and continues to suffer emotional distress as a legal result of the conduct by defendants of which plaintiff complains. Plaintiff has suffered mental distress, suffering and anguish as a legal result of defendants' outrageous conduct, reacting to her treatment with humiliation, embarrassment, anger, disappointment and worry, all of which is substantial and enduring. Plaintiff will seek leave to amend this complaint to state the amount or will proceed according to proof at trial.

43. At all material times, defendants, and each of them, knew that plaintiff depended on her wages and other employee benefits as a source of earned income. At all material times, defendants were in a position of power over plaintiff, with the potential to abuse that power. Plaintiff was in a vulnerable position because of her relative lack of power, because of her reliance on defendants' assurances and forbearance of the possibility of becoming employed elsewhere, because she had placed her trust in defendants, because she depended on her employment for her self esteem and sense of belonging, because she relied upon her employment as a source of income for her support and because of the great disparity in bargaining power between plaintiff and her employer. Defendants

were aware of plaintiff's vulnerability and the reasons for it.

44. Notwithstanding such knowledge, defendants, and each of them, acted oppressively, fraudulently, and maliciously, in willful and conscious disregard of plaintiff's rights, and with the intention of causing or in reckless disregard of the probability of causing injury and emotional distress to the plaintiff.

45. Further, defendants were informed of the oppressive, fraudulent and malicious conduct of their employees, agents and subordinates, and ratified, approved, and authorized that conduct.

46. The foregoing conduct of defendants, and each of them, was intentional, willful and malicious and plaintiff is entitled to punitive damages in an amount to conform to proof.

47. Plaintiff is entitled to attorneys' fees and costs pursuant to California Labor Code §218.5.

## PRAYER

Wherefore plaintiff prays for judgment against defendants, and each of them, as follows:

1. For a money judgment representing compensatory damages including lost wages, earnings, paid time off, vacation pay, and all other sums of money, together with interest on these amounts, according to proof;

2. For costs of suit and attorney fees and penalties pursuant to Labor Code Sections 203, 218, 218.5, and 218.6;

3. For prejudgment and postjudgment interest;

4. For any other relief, including injunctive or declaratory relief, that is just and proper;

5. For attorney fees pursuant to C.C.P. § 1021.5 and Gov't. Code § 12965(b);

///

///

///

///

///

///

FIRST AMENDED COMPLAINT
CASE NO. C 08-01723 SC

6. For a money judgment for mental pain and anguish and emotional distress, according to proof;

7. For an award of punitive damages, according to proof;

8. For costs of suit and attorney fees.

Dated: August 7, 2008

LAWLESS & LAWLESS

/s/ *Barbara A. Lawless*
Barbara A. Lawless
Therese M. Lawless
Sonya Smallets
Attorneys for Plaintiff

**JURY TRIAL DEMANDED**

Plaintiff demands trial of all issues by jury.

Dated: August 7, 2008

LAWLESS & LAWLESS

*Barbara A. Lawless*
Barbara A. Lawless
Therese M. Lawless
Sonya Smallets
Attorneys for Plaintiff